36 F.3d 1114
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arturo N. BERREYRO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3327.
 United States Court of Appeals, Federal Circuit.
 Sept. 1, 1994.
 
 Before PLAGER and SCHALL, Circuit Judges, and COWEN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Arturo Berreyro[1] appeals the final decision of the Merit Systems Protection Board (Board), Dkt. No. SE0831900329-I-1, dismissing as untimely filed his petition for review of the Board's initial decision. The initial decision dismissed, also as untimely filed, a petition for review of an Office of Personnel Management (OPM) decision that Berreyro was not entitled to retirement benefits under the Civil Service Retirement System (CSRS). We affirm.
 
 DISCUSSION
 
 2
 Sometime prior to the Japanese conquest of the Philippines, Arturo Berreyro was employed by the United States Department of the Navy as a "covered" employee, potentially eligible for retirement benefits under the CSRS. Berreyro was separated from his covered status on February 28, 1945. Subsequently, he had three consecutive appointments with the Navy, the first lasting for a few months during 1945, the second from 1946 until 1953, and the third from 1953 until 1971. During these twenty six years, Berreyro was not a covered employee as defined by the CSRS.
 
 
 3
 Though the record is silent, it would appear that in the spring of 1982, Berreyro applied for retirement benefits. On May 24, 1982, OPM denied Berreyro's application. Berreyro filed a motion for reconsideration with OPM, and was again denied benefits. In its letter of July 5, 1983, OPM maintained that Berreyro had been covered under the CSRS for less than five years, and was therefore ineligible.
 
 
 4
 Some years later, in a letter dated April 10, 1989,[2] Berreyro appealed OPM's decision to the Board. The administrative judge (AJ) required Berreyro to show good cause for his delay in filing. Berreyro did nothing. On July 31, 1990, the AJ issued her initial decision dismissing Berreyro's appeal as untimely. In her opinion, the AJ informed Berreyro that he had to file a petition for review by September 4, or else the initial decision would become final. See 5 C.F.R. Sec. 1201.113 (1994). The AJ further informed Berreyro that after the initial decision became final, he had a further 30 calendar days in which to appeal to this court. See 5 U.S.C. Sec. 7703(b)(1) (1988). The initial decision became final by operation of law because no timely petition for review was filed and the Board did not reopen the case on its own motion.
 
 
 5
 In a letter dated October 25, 1992, Berreyro wrote the Board appealing the Board's initial decision and asking for reconsideration. The Board held this letter to be a defective petition for review. Despite the finality of the Board's decision in Berreyro's case, the Board ordered Berreyro to serve a copy of the petition upon OPM, to furnish the Board with a certificate of service, and to show good cause for his delay in filing the petition for review. Berreyro obeyed the first two orders, and, in a letter dated November 12, 1992, stated that he was elderly, poor, and alone, and that his efforts to file for retirement benefits had been stymied by various incompetent or unscrupulous people on whom he had relied. He did not separately explain his delay in filing a petition for review of the initial decision by the full Board, but stated generally that he sought a waiver of the filing deadlines. The full Board issued a decision, dated March 19, 1993, that dismissed Berreyro's petition for review of the initial decision as untimely, and reiterated its adoption of the initial decision as final. On April 28, 1993, Berreyro appealed to this court.
 
 
 6
 In the decision on appeal, the Board dismissed Berreyro's petition for review as untimely. Under 5 C.F.R. Sec. 1201.114 (1994), a petition for review by the entire Board of an initial decision must be filed within 35 days of the issuance of the initial decision. The Board is empowered to waive this requirement. 5 C.F.R. Sec. 1201.12 (1994). Berreyro maintains that, in his case, the Board should have waived its timeliness requirement.
 
 
 7
 Decisions of the Board are upheld by this court unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988). Berreyro contests neither the tardiness of his petition for review nor the procedures followed by the Board. The question in this case, therefore, is whether the decision of the full Board to follow its regulation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. At no point during these proceedings has Berreyro shown good cause for the lateness of his filing, i.e., he has provided no reason why the regulation should be waived. In these circumstances, we cannot say that the Board's refusal to waive the filing deadline established by regulation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
 
 
 
 [1]
 The record is confused as to the correct spelling of petitioner's name: "Berreyro" or "Berrayro." Petitioner appears to have signed his name both ways. The official caption, however, reads "Berreyro," so that is the spelling used in the text of this opinion
 
 
 [2]
 The initial decision held that the date of this letter was April 11, 1990, the date of the postmark. See 5 C.F.R. Sec. 1201.4(1) (1994)